IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL SPECTER, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. ) |
| v. | ) ) |
| ACT, INC., an Iowa not-for-profit corporation, and THE COLLEGE BOARD, a New York not-for-profit corporation, | ) ) ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

NOW COMES RACHEL SPECTER, (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, LARRY D. DRURY, LTD., ROWE & ASSOCIATES and ROBERT A. LANGENDORF, and complains of ACT, Inc., ("ACT") and THE COLLEGE BOARD ("TCB") (collectively hereinafter "Defendants"), as follows:

### INTRODUCTION

1. This is a consumer class action lawsuit brought on behalf of Plaintiff, individually, and on behalf of all persons similarly situated throughout the United States whose private, nonpublic personally identifiable information ("PII") was deliberately sold by the Defendants for monetary gain without the legal consent of the Plaintiff and the Class. Defendants' actions constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count I), breach of contract (Count II) and invasion of privacy (Count III), and give rise to a claim for unjust enrichment (Count IV).

1

## PARTIES & JURISDICTION

2. Plaintiff is an individual and a resident of Cook County, Illinois.

3. Defendant, ACT, is an Iowa not-for-profit corporation that conducts business throughout the United States with its principal place of business located in Iowa City, Johnson County, Iowa.

4. Defendant, TCB, is a New York not-for-profit corporation that conducts business throughout the United States with its principal place of business located in New York City, New York County, New York.

5. This Court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. §1367. Further, this Court also has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims, such as the transactions by which Defendants became privy to Plaintiff's PI, occurred in this District.

## GENERAL ALLEGATIONS

7. ACT and TCB are national testing agencies that administer, for a fee, the ACT and SAT college entrance exams (hereinafter the "Exams"), respectively, to over 1,600,000 minor-aged high-school students annually. TCB also administers the PSAT/NMSQT, CLEP, and AP (Advanced Placement) tests to these same students. These tests are generally mandatory

for students desiring to attend college after high-school or earn college credit while in high-school.

8.  In the regular course of their business, Defendants obtain and possess a consumer's PII, such as their name, home address, self-reported grade point averages, educational background, interests, date of birth, test scores, social security number, phone number, etc.

9.  Plaintiff and the Class were consumers of certain of the Defendants' Exams, and the Plaintiff and the Class provided their PII to the Defendants as part of the application and testing process at the time of registering and/or sitting for the exams, as required.

10. Plaintiff, at the Defendants' set charges, took the exams on or about 2009/2010 and is now the age of majority.

11. The Defendants deceived the Plaintiff and the Class by masking the sale of the Plaintiff's and Class' PII under the guise of "sharing", i.e., the Defendants ask whether the Plaintiff and Class (who at the time were under the age of majority) would like their PII "shared" with other outside agencies. In reality, the Defendants "sell" the Plaintiff's and Class' PII for substantial profit - on information and belief approximately $.33 per student, per buyer - to hundreds if not thousands of "buyers" per year who purchase the Plaintiff's and Class' PII from the Defendants. In some instances, the Defendants sell the PII to organizations whose purpose it is to re-sell the lists to additional third parties.

12. On information and belief, ACT has an "opt-out" approach to its sale of PII that requires a minor-aged student who lacks the capacity to contract to affirmatively opt-out of the Defendant's "sharing" program, which is actually a "sales" program, or else his or her information will be sold by ACT for monetary gain. The fact that ACT *sells* the Plaintiff's and

3

Class' information to third parties for monetary gain is at no time disclosed to the Plaintiff or Class.

13. On information and belief, SAT has an "opt-in" approach to its sale of PII that induces a minor-aged student who lacks the capacity to contract to opt-in under the guise of having their PII "shared", it is then sold multiple times over for the Defendants' exclusive monetary gain. The fact that SAT *sells* the Plaintiff's and Class' information to third parties for monetary gain is at no time disclosed to the Plaintiff or Class.

14. Plaintiff's and the Class' private, nonpublic PII has been improperly and illegally disclosed and/or sold by the Defendants for monetary gain.

15. The PII of the Plaintiff and Class is of the sort that both the United States Congress and the Illinois State Legislature have sought fit to protect and secure from disclosure, let alone sale for monetary gain. *See* generally the Family Educational Rights and Privacy Act (FERPA)(20 U.S.C. § 1232g); and the Illinois School Student Records Act (105 ILCS 10/ et seq.). The Defendants engaged in said conduct for purposes of circumventing these laws with one goal in mind: profit.

## CLASS ACTION ALLEGATIONS

16. This action is brought on behalf of the Plaintiff, individually, and on behalf of all persons throughout the United States from 2003 to the date of judgment who registered and sat for the ACT and/or SAT college entrance exam and whose PII was sold by the Defendants to third parties. The Class does not include Defendants, or their officers, directors, agents, or employees[1].

---

[1] Plaintiff specifically reserves the right to amend or change the definition or scope of the alleged Plaintiff class as set forth herein, and further reserves the right to add or delete classes or subclasses, depending upon the

17. On information and belief, the Class is comprised of millions of consumers, making the joinder of such cases impracticable. Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

18. The rights of each member of the Class were violated in a similar fashion based upon Defendants' uniform intentional and deceptive conduct.

19. Questions of law and fact common to the Class predominate over questions that may affect individual Class members, including the following:

    A. Whether the Defendants sold Plaintiff's and the Class Members' PII;

    B. Whether Defendants had a permissible purpose to disseminate or otherwise provide access to Plaintiff's and the Class members' PII;

    C. Whether the Defendants' conduct violates the Illinois Consumer Fraud & Deceptive Business Practice Act, and like and similar statutes of the other 49 states;

    D. Whether the Defendants' conduct is a breach of the contract between the Defendants and the Class;

    E. Whether the Defendants' conduct constitutes an invasion of the Plaintiff's and the Class' privacy as a result of the public disclosure of their private information for monetary gain;

    F. Whether the Defendants were unjustly enriched by their undisclosed and unauthorized sale of the Plaintiff's and Class' PII for monetary gain;

    G. Whether Plaintiff and the Class members have sustained damages, and if so, what is the proper measure of those damages.

---

development of facts and the state of the law at the time Plaintiff brings his motion to certify a class or classes.

20. Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no interest that is antagonistic to or that irreconcilably conflicts with those of other members of the Class.

21. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

22. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and the Class Members' claims. Plaintiff and the members of the Class have suffered irreparable harm as a result of Defendants' deceptive and unlawful conduct.

23. Certification of a class action to resolve these disputes will reduce the possibility of repetitious litigation involving, potentially, millions of class members.

## COUNT I

## VIOLATION OF THE
## ILLINOIS CONSUMER FRAUD & DECEPTIVE BUSINESS PRACTICES ACT

24. Plaintiff re-alleges paragraphs 1 through 23 of this Complaint as if fully set forth herein in this Count I.

25. By and through its communications with Plaintiff and the Class at their time of registration and/or sitting for the Defendants' Exams, the Defendants fraudulently misrepresented, concealed and/or omitted material facts to and from Plaintiff and the Class as to the fact that it would disclose, *sell* and be paid money for the Plaintiff's and Class' PII for monetary gain.

26. The Defendants had knowledge of such material misrepresentations, concealments and/or omissions, but deceptively did not disclose same to the Plaintiff or Class.

27. Such fraud was committed by the Defendants in the course of trade and

commerce, as Plaintiff and the Class were consumers of the Defendants' exam services, and paid money to the Defendants for the ability to sit for such exams.

28. The Defendants intended that their fraudulent statements, omissions and/or concealments, such as the fact that the Defendants offer to "share" the Plaintiff's and Class' PII as opposed to disclosing that in actuality they will *sell* the PII, would induce Plaintiff and the Class to act so that Plaintiff and the Class would not opt-out of "sharing" their PII.

29. In deciding to not opt-out, Plaintiff and the Class reasonably relied upon the truth of the Defendants' representations and reasonably believed that the Defendants would "share", not *sell*, their PII.

30. The Defendants' aforementioned conduct is unfair, immoral, unjust, oppressive and unscrupulous, in that the Defendants concealed from the Plaintiff and the Class those material facts as alleged herein.

31. As a proximate result of the Defendants' fraudulent statements, concealments, misrepresentations and/or omissions concerning its sale of the Plaintiff's and Class' PII for monetary gain, Plaintiff and the Class have suffered and will suffer damages including, but not limited to, the fee paid for the examinations with interest thereon, the loss of monies plus interest paid to and/or received by the Defendants for the Plaintiff's and Class' PII, and the loss of the value of their PII, plus interest.

## COUNT II

### BREACH OF WRITTEN CONTRACT

32. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set forth in this Count II. This Count is pled in the alternative to Count IV.

33. Plaintiff and the Class and Defendants entered into a contractual agreement

wherein the Plaintiff authorized the Defendants to "share" their PII. The Contract did not authorize the Defendants to *sell* the PII and/or only "share" the PII with third parties who paid a substantial fee for access to the PII.

34. The fact that any third party who was willing to pay substantial sums of money to the Defendants would be given access to the Plaintiff's and Class' PII was not part of the parties' contract.

35. The Defendants breached their contracts with the Plaintiff and the Class by having a policy and/or practice of selling the Plantiff's and Class' PII to any third party willing to pay money for same, all to the Defendants' benefit and profit and the Plaintiff's' and the Class' detriment.

36. As a direct result of the Defendants' intentional and wrongful beach of their written contracts, Plaintiff and the Class have suffered damages, including but not limited to the fee paid for the examinations with interest thereon, the loss of monies plus interest paid to and/or received by the Defendants for the Plaintiff's and Class' PII, and the loss of the value of their PII, plus interest.

## COUNT III

### INVASION OF PRIVACY AND MISAPPROPRIATION OF CONFIDENTIAL INFORMATION

37. Plaintiff re-alleges and incorporates paragraphs 1 through 23 of this Complaint as if fully set forth herein in this Count III.

38. Plaintiff and the Class have a legally protected privacy interest in their confidential PII and a reasonable expectation of privacy in such information. This right of privacy includes the right not to have their private information publicly disclosed *vis a vis* an

unauthorized third-party buying access to, viewing or obtaining such confidential personal information.

39. As alleged herein, Defendants sold for monetary gain the PII records of Plaintiff and the Class without such persons' knowledge, authorization or consent. This unauthorized sale of such private facts and information is one that is highly offensive or objectionable to a reasonable person of ordinary sensibilities. Moreover, the sale of such private facts and information, as alleged herein, does not include information which is of a legitimate public concern. Rather, it includes information protected by both Federal and State statutes. *See* ¶16, above.

40. Defendants violated the rights of privacy of Plaintiff and the Class by marketing for sale and selling their confidential PII without legal authorization to any third party willing to pay substantial sums of money for access to the information.

41. As a result of the Defendants' unlawful conduct, as alleged herein, the privacy rights of Plaintiff and the Class have been violated, and Plaintiff and the Class have been harmed as a result thereof.

42. Plaintiff and the Class suffered and will continue to suffer actual damages, including but not limited to the fee paid for the examinations with interest thereon, the loss of monies plus interest paid to and/or received by the Defendants for the Plaintiff's and Class' PII, and the loss of the value of their PII, plus interest.

## COUNT IV

### UNJUST ENRICHMENT

43. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set forth in this Count IV. This claim is plead in the alternative to Count II.

44.     Defendants, to the detriment of the Plaintiff and the Class, have benefitted and have been unjustly enriched where they have sold for monetary gain the PII of the Plaintiff and Class without their consent.

45.     Defendants had knowledge of these benefits, and have voluntarily accepted, retained and/or diverted these benefits by not only failing to disclose to the Plaintiff and the Class that their PII will be marked for sale and sold, but also for retaining all monies it earned by unlawfully selling the Plaintiff's and Class' PII.

46.     The circumstances described herein are such that it would be inequitable, unconscionable, unfair and unjust for the Defendants to retain and/or divert these ill-gotten benefits without paying the value thereof to the Plaintiff and the Class.

47.     As a result of the Defendants' unjust enrichment, Plaintiff and the Class have and will suffer damages including, but not limited to the fee paid for the examinations with interest thereon, the loss of monies plus interest paid to and/or received by the Defendants for the Plaintiff's and Class' PII, and the loss of the value of their PII, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

    A.    Certifying this matter as a class action with Plaintiff as Class Representative, and designating Larry D. Drury as lead class counsel and James R. Rowe and Robert A. Langendorf as class counsel;

    B.    Finding that the Defendants' conduct violates the Illinois Consumer Fraud & Deceptive Business Practices Act, and like and similar statutes of the

10

other 49 states;

C. Finding that the Defendants' actions constitute a breach of the parties' contract;

D. Finding that the Defendants' conduct rises to the level of an invasion of privacy and/or misappropriation of Plaintiff's and the Class' confidential information;

E. Finding that the Defendants were unjustly enriched to the detriment of the Plaintiff and the Class;

F. Awarding damages to Plaintiff and the Class under the statutory and common law theories alleged;

G. Requiring Defendants to pay Plaintiff's and Class Members' reasonable attorney's fees and reimburse the costs of this litigation; and

H. Providing for other legal and/or equitable relief as justice requires.

        RACHEL SPECTER, on behalf of herself and all others similarly situated,

        By:     s/Larry D. Drury

LARRY D. DRURY
LARRY D. DRURY, LTD.
100 North LaSalle Street
Suite 1010
Chicago, Illinois 60602
312.346.7950
ldrurylaw@aol.com
ARDC# 0681024

ROWE & ASSOCIATES
One Dearborn Square
Suite 644
Kankakee, IL 60901
815.929.3844

jr@rowelegal.com
ARDC #6279720

ROBERT A. LANGENDORF
134 North LaSalle Street
Suite 1515
Chicago, IL 60602
312.782.5933
rlangendorf@comcast.net
ARDC #3127328